IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN TURNAGE,

                       Petitioner,

v.

LOUIS WILLIAMS, II,

                       Respondent.

OPINION & ORDER

17-cv-296-jdp

---

Pro se petitioner John Turnage is a prisoner in the custody of the Federal Bureau of Prisons (BOP) currently housed at the Federal Correctional Institution in Oxford, Wisconsin (FCI-Oxford). He is serving a sentence for a 2004 conviction for drug possession with a career offender enhancement. Turnage has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his sentence under *Mathis v. United States*, 136 S. Ct. 2243 (2016).

The petition is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] Under Rule 4, I will dismiss the petition only if it plainly appears that Turnage is not entitled to relief. As discussed below, Turnage is not entitled to the relief he seeks, so I will dismiss the petition.

ALLEGATIONS OF FACT

I draw the following facts from Turnage's petition, Dkt. 3, and from judicial opinions issued during Turnage's appeals and postconviction proceedings.

---

[1] Courts may apply this rule to habeas petitions not brought pursuant to § 2254, including § 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases; *see also* § 2243.

Following a 2004 jury trial, Turnage was found guilty of one count of possession with intent to distribute five or more grams of cocaine base in the United States District Court for the District of North Dakota. Based on Turnage's offense level (26) and criminal history points (16), the United States Sentencing Guidelines specified an imprisonment range of 120-150 months. But the court found that Turnage qualified as a career offender under § 4B1.1 of the Guidelines, because of his prior Minnesota convictions for first-degree aggravated robbery[2] and second-degree attempted assault. Turnage's status as a career offender gave him an offense level of 37 and a Guidelines imprisonment range of 360 months to life. In 2005, the court sentenced him to 360 months' imprisonment. His conviction and sentence were affirmed by the Eighth Circuit Court of Appeals.

In 2006, Turnage moved to vacate or set aside his conviction under 28 U.S.C. § 2255 in the District of North Dakota. The motion was denied. Turnage then filed a series of petitions under § 2241 challenging the validity of his federal conviction and sentencing and his Minnesota second-degree assault conviction. These petitions were all denied. Turnage then filed a petition for writ of habeas corpus under § 2241 in this court.

ANALYSIS

Although postconviction relief to federal prisoners generally must proceed under § 2255, Turnage brings this challenge under § 2241. To obtain relief under § 2241, a habeas

---

[2] Both Turnage and the sentencing court use the term "armed robbery" to describe this conviction, but Minnesota does not recognize the crime of "armed robbery." Minnesota state court records indicate that Turnage was convicted of first-degree aggravated robbery, which criminalizes the act of robbing someone while armed with a dangerous weapon, so it appears that Turnage and the sentencing court were referring to Minnesota's first-degree aggravated robbery statute.

petitioner must satisfy three conditions. First, the prisoner must show that he relies on a judicial decision in "a 'statutory-interpretation case,' rather than a 'constitutional case.'" *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. *Id.* Third, the prisoner must demonstrate that there was "a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id.* (quoting *Rios*, 696 F.3d at 640). Turnage plainly cannot satisfy the third condition, so I must dismiss his petition.

Turnage, who was sentenced as a career offender, challenges his sentence under *Mathis*, a recent U.S. Supreme Court decision. *Mathis* interpreted the enumerated offense clause within the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). The enumerated offense clause defines "violent felony" as including "burglary, arson, or extortion." The Guidelines contain a similar clause defining "crime of violence" as "murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use of unlawful possession of a firearm . . . or explosive material." U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) (U.S. Sentencing Comm'n 2016). Two prior convictions for a violent felony allow for a career-offender sentencing enhancement under the Guidelines. *See* §§ 4B1.1; 4B1.2. In *Mathis*, the Court reaffirmed the proper process for determining whether a defendant's prior state-law conviction is one of the enumerated violent felonies under § 924(e)(2)(B)(ii) of the ACCA: the "categorical approach." 136 S. Ct. at 2248. Under the categorical approach, the sentencing court should compare the elements of the state law under which the defendant was convicted to the elements of the generic version of the enumerated violent felony. If the state law "defines multiple crimes by listing

3

multiple, alternative elements," the sentencing court should use the "'modified categorical approach,' which permits a court to look at a limited class of documents from the record of a prior conviction to determine what crime, with what elements, a defendant was convicted of before comparing that crime's elements to those of the generic offense." *Id.* at 2245-46. Upon comparison, if the state law is "the same as, or narrower than, the relevant generic offense," it qualifies as an enumerated violent felony. *Id.* at 2257.

So Turnage satisfies the first condition, because *Mathis* is a statutory-interpretation case. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016). *Mathis* "appears to be a substantive decision that applies retroactively." *Pulliam v. Krueger*, No. 16-cv-1379, 2017 WL 104184, at *2 (C.D. Ill. Jan. 10, 2017); *see Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016). *But see McGee v. Kreuger*, No. 17-cv-1086, 2017 WL 1424990, at *2 (C.D. Ill. Mar. 21, 2017) ("This Court does not believe *Mathis* is retroactive."). But Turnage can not obtain relief under § 2241 because he cannot satisfy the third condition. That is, he cannot demonstrate that there was *any* error in his sentencing, let alone an error grave enough to be a miscarriage of justice.

Turnage contends that under *Mathis*, the sentencing court erroneously found that his prior Minnesota conviction for second-degree assault was a violent felony. Under Minn. Stat. § 609.222(1), second-degree assault is defined as "assault[ing] another with a dangerous weapon." Assault is defined under Minnesota law as "(1) an act done with intent to cause fear in another of immediate bodily harm or death; or (2) the intentional infliction of or attempt to inflict bodily harm upon another." § 609.02(10). Turnage contends that Minnesota second-degree assault is broader than generic aggravated assault, and so under *Mathis*, it is not an enumerated violent crime. But even if this is true, it does not mean that

4

the trial court erred in categorizing this conviction as a violent crime, because there is more than one way for a conviction to qualify as a violent crime under § 4B1.2. The force clause, § 4B1.2(a)(1), defines a crime of violence as any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Using the categorical approach approved by *Mathis*, the Eighth Circuit held that a Minnesota conviction for second-degree assault qualifies as a violent felony under the ACCA's force clause, which is identical to the Guidelines' force clause. *See United States v. Lindsey*, 827 F.3d 733, 740 (8th Cir.) ("[S]econd-degree assault under Minn. Stat. § 609.222 requires the use, attempted use, or threatened use of physical force against another and therefore qualifies as a violent felony for ACCA purposes."), *cert. denied*, 137 S. Ct. 413 (2016). And the Seventh Circuit, correctly using the modified categorical approach, held that a Minnesota conviction for felony fifth-degree assault, which uses the same definition of assault as second-degree assault, qualifies as a violent felony under the ACCA's force clause. *United States v. Ker Yang*, 799 F.3d 750, 756 (7th Cir. 2015) ("A conviction under [Minn. Stat. § 609.224(4)] qualifies as a violent felony because it has 'as an element the use, attempted use, or threatened use of physical force against the person of another.'" (quoting 18 U.S.C. § 924(e)(2)(B)(i))). The sentencing court did not err in finding that Turnage's conviction for second-degree assault under Minn. Stat. § 609.222 qualifies as a violent crime.[3] It plainly appears that Turnage is not entitled to relief under § 2241, so I will dismiss his petition.

---

[3] Turnage does not contend that the sentencing court erroneously found that his prior Minnesota conviction for first-degree aggravated robbery was a violent felony. *See* Dkt. 3, at 4 ("The petitioner is challenging the second degree assault and the 4B1.1 career offender enhancement."). But even if he did challenge the finding that first-degree aggravated robbery is a violent felony, he would not be entitled to relief under § 2241. The Eighth Circuit has held that a Minnesota first-degree aggravated robbery conviction qualifies as a violent felony under the ACCA's force clause. *See United States v. Rucker*, 545 F. App'x 567, 572-73 (8th Cir.

5

ORDER

IT IS ORDERED that:

1. John Turnage's petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 3, is DENIED, and this case is DISMISSED.

2. The clerk of court is directed to enter judgment in favor of respondent Louis Williams, II, and close this case.

Entered May 11, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge

---

2013). Although some district courts within the Eighth Circuit have questioned whether first-degree aggravated robbery is a violent felony post-*Johnson v. United States*, 559 U.S. 133 (2010), *see United States v. Spight*, No. 16-cv-2459, 2017 WL 947286, at *4 (D. Minn. Mar. 6, 2017) (collecting cases), the Seventh Circuit held, post-*Johnson*, that a conviction under Minnesota's simple robbery statute is a crime of violence under the Guidelines' force clause. *See United States v. Maxwell*, 823 F.3d 1057, 1061 (7th Cir.), *cert. denied*, 137 S. Ct. 401 (2016). Minnesota's first-degree aggravated robbery statute is based on the simple robbery statute, therefore a conviction under the first-degree aggravated robbery statute is necessarily a crime of violence under the Guidelines' force clause, too.