# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN TURNAGE,

                              Petitioner,                    ORDER

            v.
                                                              17-cv-296-jdp
LOUIS WILLIAMS, II,

                              Respondent.

Pro se petitioner John Turnage filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his sentence. Dkt. 3. He argued that in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), the sentencing court erroneously found that his prior Minnesota conviction of second-degree assault qualified as a crime of violence under the U.S. Sentencing Guidelines § 4B1.1. I denied the petition and dismissed the case after concluding that Turnage plainly could not demonstrate that there was any error in his sentencing, because a Minnesota conviction for second-degree assault still qualifies as a violent crime under the *Mathis* approach. Dkt. 4. Turnage now moves to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Dkt. 6.

To prevail on a motion for reconsideration under Rule 59, a petitioner must present newly discovered material evidence or establish a manifest error of law or fact. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Here, Turnage contends that I erred in denying his petition because I failed to recognize *United States v. Headbird*, 832 F.3d 844 (8th Cir. 2016), as controlling precedent. A failure to recognize controlling precedent is a manifest error of law, it's true. *See Oto*, 224 F.3d at 606. But *Headbird* is not controlling precedent. This court is bound to follow the precedent of the Seventh Circuit. Although courts within the Seventh

Circuit "carefully and respectfully consider the opinions of our sister circuits, we are not bound by them." *United States v. Clark*, 538 F.3d 803, 812 (7th Cir. 2008) (quoting *United States v. Williams*, 184 F.3d 666, 671 (7th Cir. 1999)). *Headbird* was decided by the Eighth Circuit, so it is merely persuasive authority, and I am not bound to follow it.

Even if failure to recognize persuasive authority were a manifest error, *Headbird* supports my conclusion that Turnage has not identified an error in his sentencing. In *Headbird*, the Eighth Circuit held that a Minnesota second-degree assault conviction "is a violent felony" under the Armed Career Criminal Act's force clause. 832 F.3d at 847. The ACCA's force clause is identical to the Guidelines' force clause, so under *Headbird*'s reasoning, Turnage's conviction for second-degree assault qualifies as a violent crime. Turnage argues that *Headbird* held that second-degree assault in Minnesota "does not qualify as a predicate offense." Dkt. 6, at 2. Turnage misreads *Headbird*. The Eighth Circuit held that a *juvenile adjudication* under Minnesota's second-degree assault statute does not qualify as a predicate offense, because "Minnesota's definition of 'dangerous weapon' is broader than the ACCA's requirement that a juvenile adjudication 'involv[e] the use or carrying of a firearm, knife, or destructive device.'" 832 F.3d at 849 (quoting 18 U.S.C. § 924(e)(2)(B)). This holding does not apply to Turnage's case because he was convicted of second-degree assault as an adult, not a juvenile. And unlike the ACCA, § 4B1.2 of the Guidelines allows only adult convictions to qualify as a predicate offense. *See* § 4B1.2(a) & cmt. 1; *United States v. Otero*, 495 F.3d 393, 401 (7th Cir. 2007). So the ACCA's requirement for juvenile adjudications could not have entered into the sentencing court's analysis in Turnage's case.

I stand on my previous analysis. Therefore, I will deny Turnage's motion.

ORDER

IT IS ORDERED that petitioner John Turnage's motion to alter or amend the judgment, Dkt. 6, is DENIED.

Entered June 13, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge